FILED'10 FEB 08 10:51USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

KELLY P. CASSIDY,

        Plaintiff,

        v.

GRANT COUNTY SHERIFF'S
DEPARTMENT, and CITY[] COUNTY
INSURANCE SERVICES,

        Defendants.

CV 09-1015-SU

FINDINGS AND RECOMMENDATION

Sullivan, Magistrate Judge,

        Plaintiff Kelly P. Cassidy filed a complaint, *pro se*, in the Circuit Court of Umatilla County,

Oregon, against the Grant County Sheriff's Department ("Grant County") and City County Insurance

Services. Plaintiff alleged wrongful detention by a sheriff's deputy and an Oregon State police

officer. Grant County removed the matter to this court. Grant County then filed a motion to dismiss,

pursuant to Rules 12(b)(5) and 15(a)(3) of the Federal Rules of Civil Procedure.[1] Grant County

---

[1] No mention was made of Rule 15(a)(3) in defendant's brief. Any argument to be made
based on this provision is abandoned.

Page 1 - FINDINGS AND RECOMMENDATION

seeks an order dismissing plaintiff's action for failure to properly serve defendant under the Oregon Rules of Civil Procedure, which were applicable at the time plaintiff filed his complaint in state court. Plaintiff opposes the motion to dismiss and has moved to strike defendant's motion. For the reasons set forth below, defendant's Rule 12(b)(5) Motion to Dismiss should be denied and plaintiff's Motion to Strike is denied as moot.

*Background*

Plaintiff's Amended Complaint was filed in Umatilla County on June 18, 2009, against Grant County and City County Insurance Services. At plaintiff's request, the summons and Amended Complaint were sent by Sue Gibson to Grant County Courthouse, Court Clerk, by certified mail. A return receipt was signed by someone at the Clerk's office. Also at the request of plaintiff, mail service was made by Gibson on Mark Webb, Scott Myers, and Boyd Britton.

In its Notice of Removal to this court, Grant County stated, "Defendant Grant County Sheriff's Department was served by mail with a state court summons and a copy of the Amended Complaint on or about June 25, 2009." On July 28, 2009, defendants filed a Motion to Change Venue to Grant County, Oregon. On July 30, 2009, defendants filed an Answer and Affirmative Defenses to plaintiff's Amended Complaint. Defendant City County Insurance Services raised as an affirmative defense lack of personal jurisdiction, and insufficiency of service of summons or process.

On August 6, 2009, plaintiff moved for leave to file a Second Amended Complaint, and to remove City County Insurance Services as a defendant. Defendants consented to the filing of this amendment and the parties stipulated to the filing of plaintiff's Second Amended Complaint. On August 21, 2009, plaintiff filed his Second Amended Complaint against Grant County only. In his

Second Amended Complaint, plaintiff alleged for the first time a violation of 42 U.S.C. § 1983. On August 24, 2009, defendant filed a reply to plaintiff's objections to change of venue.

Based upon the allegations of the Second Amended Complaint, defendant Grant County filed its Notice of Removal to this court on August 27, 2009. By letter of September 30, 2009, defendant indicated it would not object to plaintiff's filing of a Third Amended Complaint. Plaintiff filed a "stipulation" requesting that this court allow the filing of a Third Amended Complaint which was granted. (docket # 13) On October 15, 2009, Grant County filed its motion to dismiss plaintiff's action based upon a failure of proper service on a public body according to Rule 7D(3)(d) of the Oregon Rules of Civil Procedure.

*Discussion*

Rule 4(j)(2) of the Federal Rules of Civil Procedure requires service of process upon a state, municipal corporation, or other governmental organization, such as a county, to be in the same manner as prescribed by the law of the state in which service is to be performed. *See* Fed. R. Civ. P. 4(j)(2). Oregon requires personal service or office service upon an officer, director, managing agent, or attorney of the County. Or. R. Civ. P. 7D(3)(d).[2]  Pursuant to Rule 7G, a court may disregard errors of service "if service is made in any manner complying with subsection D(1)," provided the error "does not violate the due process rights of the party against whom summons was issued." Or. R. Civ. P. 7G.  Rule 7D(1) requires service "in any manner reasonably calculated under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." Or. R. Civ. P. 7D(1). In a case that has

---

[2] The Oregon Legislature revised Rule 7 in 2009. Or. R. Civ. P. 7D(3)(d) is now 7D(3)(h).

Page 3 - FINDINGS AND RECOMMENDATION

been removed, if service of process has not been perfected in accordance with state procedure, this court may order new service to be completed or new process issued in the same manner as in cases originally filed in federal court. 28 U.S.C. § 1448.

In an effort to follow the Oregon Rules of Civil Procedure, plaintiff mailed his Amended Complaint and summons to the Court Clerk. While Grant County claims that service was improper, it is clear that defendant received the Amended Complaint from the Grant County Circuit Court Clerk within a week of its filing in Umatilla County. In fact, in response to plaintiff's Amended Complaint, Grant County filed a Motion to Change Venue and an Answer and Affirmative Defenses. While Grant Count contends that it preserved its objection to service in its Answer, it appears that the affirmative defense was made on behalf of City County Insurance Services who, in fact, had not been served. Grant County stipulated to the filing of plaintiff's Second Amended Complaint and then removed the action to this court. Grant County also did not object to the filing of plaintiff's Third Amended Complaint in this court. In its Notice of Removal, defendant did not complain of failure of service but, rather, stated that it had been served by mail with a copy of Summons and Complaint on June 25, 2009.

Grant County was sufficiently apprised of this action and, in fact, has appeared to defend itself. As such, it cannot claim a violation of its due process rights. *See McManama v. Clackamas County*, No. CV 00-1387-ST, 2001 WL 34047022 (D. Or. June 13, 2001). Service was sufficient in state court and need not be issued by this court.

*Conclusion*

Based on the foregoing, defendant's Rule 12(b)(5) Motion to Dismiss (doc. #7) based on insufficiency of service should be DENIED. Plaintiff's Motion to Strike Dismissal for Improper

Page 4 - FINDINGS AND RECOMMENDATION

Service (doc. #14) is DENIED as moot.

### SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due February 22, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 8th day of February 2010.

Patricia Sullivan
United States Magistrate Judge